Ming CHEN, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–71123.
Agency No. A76–281–797.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 14, 2005.*

Decided Nov. 16, 2005.

Before WALLACE, LEAVY, and BERZON, Circuit Judges.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jisheng Li, Law Office of Jisheng Li, Honolulu, HI, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Director, Office of the District Chief Counsel U.S. Department of Homeland Security, Phoenix, AZ, Norah Ascoli Schwarz, John C. Cunningham, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before NOONAN, RYMER, and GOULD, Circuit Judges.

## MEMORANDUM**

Petitioner Ming Chen, a native and citizen of China, petitions for review of a decision of the Board of Immigration Appeals (BIA) denying Chen's application for asylum and withholding of removal. Because the BIA adopted the decision of the Immigration Judge (IJ) who initially heard Chen's case, we review the decision of the IJ. *Kaur v. Gonzales,* 418 F.3d 1061, 1064 (9th Cir.2005). An IJ's decision regarding an applicant's eligibility for asylum is reviewed to determine whether it is supported by substantial evidence. *Ali v. Ashcroft,* 394 F.3d 780, 784 (9th Cir.2005). Under that standard, the IJ's decision must be upheld unless the record would compel any reasonable factfinder to reach an opposite conclusion. *Id.*

The government argues that this Court lacks jurisdiction to entertain certain of Chen's arguments because Chen failed to exhaust them before the BIA. But Chen raised all of the relevant arguments in his notice of appeal to the BIA. This is sufficient to satisfy the exhaustion requirement and preserve these arguments for appellate review. *Thomas v. Gonzales,* 409 F.3d 1177, 1183 (9th Cir.2005).

---

■ Chen first contends that he is eligible for asylum because he suffered persecution while in China. Although Chen testified that he was slapped in the face and detained by government officials as a part of their inquiry into Chen's parents' Falun Gong activities, there is no evidence that Chen suffered serious physical harm. A slap and a brief detention do not require a finding of persecution. *See Prasad v. INS,* 47 F.3d 336, 339–40 (9th Cir.1995). Moreover, although Chen's parents were fined for having multiple children and Chen was forced to work in a factory for two years to help pay the fines, there is no evidence that Chen suffered the serious economic hardship necessary to give rise to persecution. *See Baballah v. Ashcroft,* 367 F.3d 1067, 1075–76 (9th Cir.2004). We cannot say that the cumulative effect of the harms described by Chen was so severe as to compel a finding that Chen had been persecuted.

■ Chen also argues that he is eligible for asylum because he has a well-founded fear of future persecution. Chen testified that police officers threatened him with arrest and loss of employment if he refused to provide information on his parents' Falun Gong activities. However, Chen remained in China for several weeks after the deadline for him to provide this information, and the police showed no renewed interest in him. In addition, it is relevant that Chen's family remains in China and that there is no evidence that they have been harmed or that the police have come searching for Chen. *See Aruta v. INS,* 80 F.3d 1389, 1395 (9th Cir.1996). This record is not sufficient to compel the conclusion that Chen has a well-founded fear of persecution if returned to China.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

■ The IJ's denial of Chen's application for asylum is therefore supported by substantial evidence. Because withholding of removal has a higher standard of proof than asylum, we must uphold the IJ's denial of withholding of removal as well.

Chen's petition for review is DENIED.